PEARSON, J.

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| BRIAN AVERY SMITH, | ) | |
| | ) | CASE NO. 4:14cv0162 |
| Plaintiff, | ) | |
| | ) | JUDGE BENITA Y. PEARSON |
| v. | ) | |
| | ) | |
| WILLIAM J. HOCHUL,JR., | ) | **MEMORANDUM OF OPINION** |
| | ) | **AND ORDER** |
| Defendants. | ) | [Resolving ECF Nos. 1 ,2, 3,9 & 12] |

Before the Court is *pro se* Plaintiff Brian Avery Smith's civil rights Complaint filed against William J. Hochul, Jr, Maura K. O'Donnell, Richard Callahan, Thomas Albus, James Ramey, Owen E. Cunningham, Jarrod M. Petrelli, Brendon M. Donlan, Stephanie M. Bifano, Allan Rain, Unknown U.S. Marshall 1, Unknown U.S. Marshall 2, Unknown U.S. Marshall 3, Christopher J. Collins, Unknown Police Officer of Willoughby Hills, Unknown K-9 Officer of Willoughby Hills, General Manager of Land Rover of Cleveland, Melissa Colley, Cleophus J. Weeks, Brandon Portis Esq., Unknown Lawyer, Sam Davis Esq., Frank Lotempio, 3rd. Esq., Patrick Brown Esq., John Elmore Esq., Theresa Davis, Mutairo Olayiwola, Walter Hennigan, Honey Sheats-Harris, Sonny Letak, Lenard Flowers, Simmonette Sandra Fischer, Joseph Burch Myra Burch, Todd Maclin, Danielle McCarthy, Will Sanio, Chantel Smith, Kelly Atkinson, Derek Johnson, Sonya Jasper, Andy Suilaman, W.C. Unknown, C.K. Unknown, R.D. Unknown,

(4:14cv0162)

S.A. Unknown, M.S. Unknown, N.I. Unknown, M.S. Unknown, Renee Anthony, Frank Pollack, Unknown Pen Fed Employee, Matt Beardsley, Dwight Coleman, Hal Ware, Jim Rohr, Kenneth D. Lewis, J.N. Levine, Saun Bruce, W. Van, Jack Williams, Dawn G. Lopoce, Renard Laplanche, William H. Rodgers, Marcy Mcdowell, Simmon Haslam, Thomas Gilman, Owner of Long Island Auto Finder, Anna Hastings, Michelle Ridley, Spring Leaf Financial Supervisor, Luis Martinez, Lisa Krollman, Kathleen Lynch, Talent Communications CEO, Unknown Tax Prepayer, Owner of Paystubguy, Erie County Executive, Buffalo News Editor, Warren Buffet, W.G. Mitchell, Larry Paige, Unknown C.O., Metro Valley CEO, Todd Tryon, Garnell Whitfield, and Chris Reynolds. (ECF No. 1.) Plaintiff, who is currently being held at the Northeast Ohio Correctional Center awaiting trial on federal charges, alleges the Defendants violated his Constitutional rights. He seeks compensatory damages and declaratory relief.

**I. Background**

Plaintiff was indicted on April 10, 2013 in the United States District Court for the Western District of New York. See *United States v. Smith, et al.*, No. 1:13-cr-00084 (W.D. N.Y.)(Arcara, J.). All pre-trial matters were referred to Magistrate Judge H. Kenneth Schroeder, before whom Plaintiff appeared on April 17, 2013 to enter a plea of not guilty. Plaintiff also waived his right to a detention hearing, but reserved the right to move for reconsideration based on changed circumstances.

On September 12, 2013, Plaintiff exercised his rights and moved for reconsideration of bail at a hearing on that date. During the hearing, the motion was denied and Plaintiff was remanded back to the custody of the U.S. Marshals Service.

2

(4:14cv0162)

Pending the issuance of a superseding indictment, Magistrate Schroeder issued an Order on October 2, 2013 to stop the speedy trial clock pursuant to 18 U.S.C. § 3161(h)(1)(D).

On November 7, 2013, a superseding indictment was filed against Plaintiff. On the same date, he entered a plea of not guilty and the government moved to continue his detention pending trial. A Motion for Reconsideration of Order of Detention was denied. Magistrate Schroeder granted Plaintiff's Motion for Extension of Time to File Pretrial Motions.

On June 4, 2014, oral arguments were held on the Pretrial Motions. The court determined it would await the Supreme Court's decision regarding the search of cell phones and held Plaintiff's motions in abeyance. A Status Conference was scheduled for July 10, 2014.

By Order issued July 2, 2014, the Status Conference was adjourned until July 29, 2014. Magistrate Schroeder further noted: "the Speedy Trial Clock remains stopped pursuant to Title 18 U.S.C. Section 3161(h)(1)(D)."

In his complaint before this Court, Plaintiff alleges several violations of his Constitutional rights leading to his arrest and the indictment for which he awaiting trial. ECF No. 1. He also acknowledges he previously filed a lawsuit dealing with the same facts and parties who are involved in this action. ECF No. 1 at 1. That case was filed on November 12, 2013 in the United States District Court for the Western District of New York. See *Smith v. Hochul, et al.*, No. 1:13-cv-01106 (W.D.N.Y.).

A review of the docket in the New York case reveals the court denied his motion to proceed *in forma pauperis*, without prejudice, and "administratively terminat[ed]" the case on December 2, 2013. Plaintiff was permitted to reopen the case if he filed a new Motion to

3

(4:14cv0162)

proceed *in forma pauperis*, or if he paid the filing fee.

On December 20, 2013, Plaintiff filed a new Motion to proceed *In Forma Pauperis*. Before the court ruled on his pending motion, however, Plaintiff filed the above-captioned case on January 24, 2014. In May 2014, he notified this Court that he had been transferred from a jail in New York to N.E.O.C.C.

On May 16, 2014, United States District Judge John T. Curtin granted Plaintiff's Motion to Proceed *In Forma Pauperis*, dismissed William Hochul, Maura O'Donnell, Richard Callahan, Thomas Albus, Robert Flynn, Sam Davis, Frank LoTempio, III and Patrick Brown as party defendants and permitted Plaintiff to file an amended complaint. Plaintiff timely complied with the court's request and filed an amended complaint on June 30, 2014 and named Joseph Burch, Myra Burch, Melissa Colley, Sam Davis, Theresea Davis, Brendan M. Donlan, Walter Hennigan, William J. Hochul, Jr, Lisa Krollman, Frank Lotempio, 3rd, Maura K. O'Donnell, Brandon Portis, Unknown Officer of Willoughby Hills, Cleophus J. Weeks. For the reasons that follow, this Court finds this action is duplicative of the case pending in New York and subject to summary dismissal.

**II. Standard of Review**

A district court is expressly authorized to dismiss any civil action filed by a prisoner seeking relief from a governmental entity, as soon as possible after docketing, if the court concludes that the complaint fails to state a claim upon which relief may be granted, or if the plaintiff seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §1915A; *Onapolis v. Lamanna*, 70 F.Supp.2d 809 (N.D.Ohio 1999)(if prisoner's civil rights

4

(4:14cv0162)

complaint fails to pass muster under screening process of Prison Litigation Reform Act (PLRA), district court should sua sponte dismiss complaint); *see Siller v. Dean*, No. 99-5323, 2000 WL 145167  at *2 (6th Cir. Feb. 1, 2000); *see Hagans v. Lavine*, 415 U.S. 528, 536-37 (1974) (citing numerous Supreme Court cases for the proposition that attenuated or unsubstantial claims divest the district court of jurisdiction); *In re Bendectin Litig.*, 857 F.2d 290, 300 (6th Cir.1988) (recognizing that federal question jurisdiction is divested by unsubstantial claims).

### III. Duplicative Litigation

Generally, the pendency of an action in state court is no bar to proceedings concerning the same matter in the federal court having jurisdiction. When the matter is between federal district courts, however, the general principle is to avoid duplicative litigation. *See Colorado River Water Conservation Dist. v. United States,* 424 U.S. 800, 817 (1976). This underscores the general requirement that a plaintiff bring all claims arising out of a common set of facts in a single lawsuit. *Id.* Faced with a duplicative suit, it is within this Court's discretion to stay or dismiss the suit before it, allow both federal cases to proceed, or to enjoin the parties from proceeding in the other suit. *Smith v. SEC*, 129 F.3d 356, 361 (6th Cir.1997).

All relevant factors suggest this action should be dismissed. In determining whether an action is duplicative of another, district courts are afforded "a great deal of latitude and discretion," but generally, a suit is duplicative if the "claims, parties, and available relief do not significantly differ between the two actions." *Serlin v. Arthur Andersen & Co.*, 3 F.3d 221, 223 (7th Cir.1993) (citing *Ridge Gold Standard Liquors, Inc. v. Joseph E. Seagram & Sons, Inc.*, 572 F.Supp. 1210, 1213 (N.D.Ill.1983)). This Court acknowledges that the first complaint filed was

5

(4:14cv0162)

amended to exclude some defendants, however, it is "nonfatal to that plea [of the other suit pending] that the parties are not identical," as "they need not be if their interests are aligned." *Curtis v. Citibank,* 226 F.3d 133, 138 and 215 (2d Cir.2000). The defendants and interests that remain in the amended New York case, like the complaint before this Court, all address the same allegedly unconstitutional actions that resulted in Plaintiff's pending indictment in the Western District of New York. Thus, the two matters are duplicative.

### IV. Improper Venue

Even if this case were not duplicative, Plaintiff has not established why venue is proper in this Court. At the time he filed both complaints, he was physically located within the jurisdictional reach of the Western District of New York. While a court's personal jurisdiction over a pre-trial detainee's custodian is relevant for habeas purposes, *see Braden v. 30th Judicial Circuit Ct. of Ky.*, 410 U.S. 484, 494-95 (1973) ("[t]he writ of habeas corpus does not act upon the prisoner who seeks relief, but upon the person who holds him in what is alleged to be unlawful custody"), the proper venue for a civil action is not determined on that basis.

Plaintiff alleges the defendants violated his civil rights pursuant to 42 U.S.C. § 1983. For a civil action based on federal question jurisdiction, proper venue is determined by where "any defendant resides" or "in which a substantial part of the events or omissions giving rise to the claim occurred." 28 U.S.C. § 1391(b). The majority of defendants identified by the Plaintiff are located in several cities in Western New York as well as, Atlanta, Georgia; St. Louis, Missouri; North Carolina; Illinois; and, Toronto, Canada. Moreover, the events involving these defendants occurred within the locations where the defendants reside. Because Plaintiff has already filed

6

Case: 4:14-cv-00162-BYP Doc #: 13 Filed: 07/29/14 7 of 7. PageID #: 349

(4:14cv0162)

this matter in a court which has jurisdiction over several defendants named in this action and locations in which relevant events occurred, there is no basis upon which this Court could enjoin the pending New York action based on Ohio as the proper venue.[1]

Plaintiff has not established any basis upon which this Court should continue to entertain this action. Accordingly, the case is dismissed as duplicative of pending Case No. 1:13cv01106 in the Western District of New York, or, in the alternative, for improper venue.

### V. Conclusion

Based on the foregoing, Plaintiff's three Motions for Appointment of Counsel (ECF Nos. 3, 9, 12) and Motion to Proceed *In Forma Pauperis* (ECF No. 2) are denied as moot and the Complaint is dismissed pursuant to 28 U.S.C. § 1915A. The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that an appeal from this decision could not be taken in good faith.[2]

IT IS SO ORDERED.

July 29, 2014               /s/ Benita Y. Pearson
Date                        Benita Y. Pearson
                            United States District Judge

---

[1] Although Plaintiff names an automobile dealer in Ohio and two *unnamed* Willoughby Hills, Ohio, police officers as defendants, the issues surrounding Plaintiff's claims against these parties address the heart of his pending criminal case. To the extent these claims challenge the constitutionality of Plaintiff's confinement, Plaintiff has improperly raised them in a civil rights suit. Only a habeas corpus petition can test the legality or duration of confinement. *See Badea v. Cox*, 931 F .2d 573, 574 (9th Cir.1991); *Okoro v. Scibana*, No. 99-1322, 1999 WL 1252871, at *2 (6th Cir. Dec. 15,1999)), *cert. dismissed*, 530 U.S. 1227 (2000).

[2] 28 U.S.C. § 1915(a)(3) provides: "An appeal may not be taken *in forma pauperis* if the trial court certifies in writing that it is not taken in good faith."