PEARSON, J.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

BRIAN AVERY SMITH,                    )
                                      )       CASE NO.  4:14CV0162
                                      )
                    Plaintiff,        )
                                      )       JUDGE BENITA Y. PEARSON
            v.                        )
                                      )
WILLIAM J. HOCHUL,JR., *et al.*,      )       **AMENDED**
                                      )       **MEMORANDUM OF OPINION AND**
                    Defendants.       )       **ORDER**
                                              [Resolving ECF Nos. 1 ,2, 3,9 & 12]

        Before the Court is *pro se* Plaintiff Brian Avery Smith's civil rights Complaint filed

against William J. Hochul, Jr, Maura K. O'Donnell, Richard Callahan, Thomas Albus, James

Ramey, Owen E. Cunningham, Jarrod M. Petrelli, Brendon M. Donlan, Stephanie M. Bifano,

Allan Rain, Unknown U.S. Marshal 1, Unknown U.S. Marshal 2, Unknown U.S. Marshal 3,

Christopher J. Collins, Unknown Police Officer of Willoughby Hills, Unknown K-9 Officer of

Willoughby Hills, General Manager of Land Rover of Cleveland, Melissa Colley, Cleophus J.

Weeks, Brandon Portis Esq., Unknown Lawyer,  Sam Davis Esq.,  Frank Lotempio, 3rd. Esq.,

Patrick Brown Esq., John Elmore Esq., Theresa Davis, Mutairo Olayiwola, Walter Hennigan,

Honey Sheats-Harris, Sonny Letak, Lenard Flowers, Simmonette Sandra Fischer, Joseph Burch

Myra Burch, Todd Maclin, Danielle McCarthy, Will Sanio, Chantel Smith, Kelly Atkinson,

Derek Johnson, Sonya Jasper, Andy Suilaman, W.C. Unknown, C.K. Unknown, R.D. Unknown,

S.A. Unknown, M.S. Unknown,  N.I. Unknown, M.S. Unknown, Renee Anthony, Frank Pollack,

Unknown Pen Fed Employee, Matt Beardsley, Dwight Coleman, Hal Ware, Jim Rohr, Kenneth

(4:14CV0162)

D. Lewis, J.N. Levine, Saun Bruce, W. Van, Jack Williams, Dawn G. Lopoce, Renard Laplanche, William H. Rodgers, Marcy Mcdowell, Simmon Haslam, Thomas Gilman, Owner of Long Island Auto Finder, Anna Hastings, Michelle Ridley, Spring Leaf Financial Supervisor, Luis Martinez, Lisa Krollman, Kathleen Lynch, Talent Communications CEO, Unknown Tax Prepayer, Owner of Paystubguy, Erie County Executive, Buffalo News Editor, Warren Buffet, W.G. Mitchell, Larry Paige, Unknown C.O., Metro Valley CEO, Todd Tryon, Garnell Whitfield, and Chris Reynolds. (ECF No. 1.)  Plaintiff, who is currently being held at the Northeast Ohio Correctional Center awaiting trial on federal charges, alleges the Defendants violated his Constitutional rights.  He seeks compensatory damages and declaratory relief.

## I. Background

Plaintiff was indicted on April 10, 2013 in the United States District Court for the Western District of New York.  *See United States v. Smith, et al.*, No. 1:13-cr-00084 (W.D. N.Y.)(Arcara, J.).  All pre-trial matters were referred to Magistrate Judge H. Kenneth Schroeder, before whom Plaintiff appeared on April 17, 2013, to enter a plea of not guilty.  Plaintiff waived his right to a detention hearing, but reserved the right to move for reconsideration based on changed circumstances.   On September 12, 2013, Plaintiff had a hearing on reconsideration of bail.  Bail was denied and Plaintiff was remanded to the custody of the U.S. Marshals Service.

Pending the issuance of a superseding indictment, Magistrate Schroeder issued an Order on October 2, 2013 to stop the speedy trial clock pursuant to 18 U.S.C. § 3161(h)(1)(D).

On November 7, 2013, a superseding indictment was filed against Plaintiff.  On the same date, he entered a plea of not guilty and the government moved to continue his detention pending

2

(4:14CV0162)

trial.  A motion for reconsideration of order of detention was denied.  Magistrate Schroeder

granted Plaintiff's motion for extension of time to file pretrial motions.

On June 4, 2014, oral arguments were held on the pretrial motions.  The court determined

it would await the Supreme Court's decision regarding the search of cell phones and held

Plaintiff's motions in abeyance.  A status conference was scheduled for July 10, 2014.

By order issued July 2, 2014, the status conference was continued until July 29, 2014.  In

so doing, Magistrate Schroeder noted: "the Speedy Trial Clock remains stopped pursuant to Title

18 U.S.C. Section 3161(h)(1)(D)."

In his complaint before the Court, Plaintiff alleges several violations of his constitutional

rights leading to his arrest and the indictment for which he is awaiting trial.  ECF No. 1. He also

acknowledged that he had previously filed a lawsuit dealing with the same facts and parties

involved in this action. ECF No. 1 at 1.  That case was filed on November 12, 2013 in the United

States District Court for the Western District of New York.  *See Smith v. Hochul, et al.*, No.

1:13-cv-01106 (W.D.N.Y.).

A review of the docket for the New York case reveals that the court denied his motion to

proceed *in forma pauperis*, without prejudice, and "administratively terminat[ed]" the case on

December 2, 2013.  Plaintiff was permitted to reopen the case if he filed a new motion to proceed

*in forma pauperis*, or if he paid the filing fee.

On December 20, 2013, Plaintiff filed a new motion to proceed *in forma pauperis*.

Before the court ruled on his pending motion, however, Plaintiff filed the above-captioned case

on January 24, 2014.  In May 2014, Plaintiff notified this Court that he had been transferred from

3

(4:14CV0162)

a jail in New York to Northeast Ohio Correctional Center ("N.E.O.C.C"), a facility located in

Youngstown, Ohio, within the Northern District of Ohio.

On May 16, 2014, a judge in the Western District of New York granted Plaintiff's motion

to proceed *in forma pauperis*; dismissed William Hochul, Maura O'Donnell, Richard Callahan,

Thomas Albus, Robert Flynn, Sam Davis, Frank LoTempio, III and Patrick Brown as party

defendants; and permitted Plaintiff to file an amended complaint.   On June 30, 2014, Plaintiff

timely filed an amended complaint, naming only Joseph Burch, Myra Burch, Melissa Colley,

Sam Davis, Theresea Davis, Brendan M. Donlan, Walter Hennigan, William J. Hochul, Jr, Lisa

Krollman, Frank Lotempio, 3rd, Maura K. O'Donnell, Brandon Portis, Unknown Officer of

Willoughby Hills, and Cleophus J. Weeks.

For the reasons that follow, the undersigned finds that the instant action is duplicative of

the case pending in the Western District of New York and subject to summary dismissal.

## II. Standard of Review

A district court is expressly authorized to dismiss any civil action filed by a prisoner

seeking relief from a governmental entity, as soon as possible after docketing, if the court

concludes that the complaint fails to state a claim upon which relief may be granted, or if the

plaintiff seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C.

§1915A;  *Onapolis v. Lamanna*, 70 F.Supp.2d 809 (N.D.Ohio 1999) (if prisoner's civil rights

complaint fails to pass muster under screening process of Prison Litigation Reform Act (PLRA),

district court should sua sponte dismiss complaint); *see Siller v. Dean*, No. 99-5323, 2000 WL

145167  at *2 (6th Cir. Feb. 1, 2000); *see Hagans v. Lavine*, 415 U.S. 528, 536-37 (1974) (citing

4

(4:14CV0162)

numerous Supreme Court cases for the proposition that attenuated or unsubstantial claims divest

the district court of jurisdiction); *In re Bendectin Litig*., 857 F.2d 290, 300 (6th  Cir.1988)

(recognizing that federal question jurisdiction is divested by unsubstantial claims).

### III. Duplicative Litigation

To preserve judicial economy, federal district courts possess the power to avoid

duplicative litigation.  *See Colorado River Water Conservation Dist. v. United States,* 424 U.S.

800, 817 (1976) (establishing that federal district courts possess the power to administer their

dockets in a manner that conserves scarce judicial resources and promotes the efficient and

comprehensive disposition of cases).  To this end, plaintiffs are generally required to bring all

claims arising out of a common set of facts in a single lawsuit.  *Id.*  When faced with duplicative

federal lawsuits, it is within the Court's discretion to stay or dismiss the suit before it; allow both

federal cases to proceed; or enjoin the parties from proceeding in the other suit.  *Smith v. SEC,*

129 F.3d 356, 361 (6th Cir.1997).

Pertinent factors suggest that the instant action should be dismissed as duplicative of

another federal lawsuit.  In determining whether an action is duplicative of another, district

courts are afforded "a great deal of latitude and discretion," but generally, a suit is duplicative if

the "claims, parties, and available relief do not significantly differ between the two actions."

*Serlin v. Arthur Andersen & Co.*, 3 F.3d 221, 223 (7th Cir.1993) (citing *Ridge Gold Standard*

*Liquors, Inc. v. Joseph E. Seagram & Sons, Inc*., 572 F.Supp. 1210, 1213 (N.D.Ill.1983)).  That

Plaintiff amended his New York  complaint to exclude some defendants is of no moment.  A

lawsuit may be dismissed as identical even when the parties in both lawsuits "are not identical,"

5

(4:14CV0162)

as "they need not be if their interests are aligned." *Curtis v. DiMaio*, 46 F.Supp.2d 206, 215 (E.D.N.Y. 1999) (internal citations omitted). The defendants and interests that remain in the amended New York case, like the complaint before this Court, all address the same allegedly unconstitutional actions that resulted in Plaintiff's pending indictment in the Western District of New York. Thus, the two matters are duplicative.

### IV. Improper Venue

Even if this case were not duplicative, Plaintiff has not established why venue is proper in this Court. At the time he filed both complaints, he was physically located within the jurisdictional reach of the Western District of New York. While a court's personal jurisdiction over a pre-trial detainee's custodian is relevant for habeas purposes, *see Braden v. 30th Judicial Circuit Ct. of Ky.*, 410 U.S. 484, 494-95 (1973) ("The writ of habeas corpus does not act upon the prisoner who seeks relief, but upon the person who holds him in what is alleged to be unlawful custody"), the proper venue for a civil action is not determined on that basis.

Plaintiff alleges the defendants violated his civil rights pursuant to 42 U.S.C. § 1983. For a civil action based on federal question jurisdiction, proper venue is determined by where "any defendant resides" or "in which a substantial part of the events or omissions giving rise to the claim occurred." 28 U.S.C. § 1391(b). The majority of defendants identified by the Plaintiff are located in several cities within Western New York as well as, Atlanta, Georgia; St. Louis, Missouri; North Carolina; Illinois; and, Toronto, Canada. Moreover, the events involving these defendants occurred within the locations where the defendants reside. Because Plaintiff has already filed this matter in a court which has jurisdiction over several defendants named in this

6

(4:14CV0162)

action and locations in which relevant events occurred, there is no basis upon which this Court could enjoin the pending New York action based on Ohio as the proper venue.[1]

Plaintiff has not established a basis upon which this Court should continue to entertain this action.  Accordingly, the case is dismissed as duplicative of pending Case No. 1:13cv01106 in the Western District of New York, or, in the alternative, for improper venue.

### V.  Conclusion

Based on the foregoing, Plaintiff's three Motions for Appointment of Counsel (ECF Nos. 3, 9, 12) and Motion to Proceed *In Forma Pauperis* (ECF No. 2) are denied as moot and the Complaint is dismissed pursuant to 28 U.S.C. § 1915A.  The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that an appeal from this decision could not be taken in good faith.[2]

IT IS SO ORDERED.

July 29, 2014                              */s/ Benita Y. Pearson*
Date                                        Benita Y. Pearson
                                            United States District Judge

---

[1] Although Plaintiff names an automobile dealer in Ohio and two *unnamed* Willoughby Hills, Ohio, police officers as defendants, the claims against these Ohio parties regard Plaintiff's pending criminal case.  To the extent these claims challenge the constitutionality of Plaintiff's confinement, Plaintiff has improperly raised them in a civil rights suit. Only a habeas corpus petition can test the legality or duration of confinement. *See Badea v. Cox*, 931 F .2d 573, 574 (9th Cir.1991); *Okoro v. Scibana*, No. 99-1322, 1999 WL 1252871, at *2 (6th Cir. Dec. 15,1999)), *cert. dismissed*, 530 U.S. 1227 (2000).

[2] 28 U.S.C. § 1915(a)(3) provides: "An appeal may not be taken *in forma pauperis* if the trial court certifies in writing that it is not taken in good faith."